Nov. Term,
1854.

STOWMAN
v.
LANDIS.

*Per Curiam.*—The judgment is affirmed with costs.

*I. Hartman* and *J. Bush*, for the plaintiffs.

*N. O. Ross*, for the defendants.

---

## STOWMAN *v.* LANDIS.

*A.* leased to *B.* certain premises, for one year, for 320 dollars, to be paid in lumber, at the market price, every three months during the year, or at any time the same was due.

*Held*, that the rent did not become due, without a demand, until the end of the year.

*Held*, also, that it could be made to become due quarterly, by a proper demand by *A.* of each quarter's rent.

*Held*, also, that *A.*, at any time before proceeding to distrain, might make a demand of either quarter's rent unpaid.

*Held*, also, that a general demand, without designating the particular quarter's rent, would be good for the quarter's rent which had accrued next before the demand.

*Held*, also, that *A.*, after having made any quarter's rent due by demand, could distrain therefor at any time before the end of the term; otherwise he could not distrain till the term had expired.

Sections 217 and 220 of chapter 45 of the R. S. 1843, allow a recovery of double the value of goods distrained, only where no rent was due when the distress was made.

*Monday,*
*December 4.*

ERROR to the *Miami* Circuit Court.

DAVISON, J.—Trespass on the case by *Landis* against *Stowman.* The declaration contains three counts. The first complains that the defendant had distrained and sold certain property of the plaintiff for rent, when no rent was due. The second is for an unreasonable distress. The third is in trover. Plea, the general issue. The jury found for the plaintiff 382 dollars. New trial refused, and judgment on the verdict.

This suit was founded on sections 217 and 220, R. S. 1843, p. 830. The latter section is relied on in support of the judgment. It provided that "the owner of any property distrained for rent, pretended to be due, when in truth no rent was due, may, by action of trespass on the

case, recover against the person so distraining, double the value of the goods distrained."

The evidence shows that on the 15th of *December*, 1849, a written agreement was entered into between the parties, whereby *Stowman* rented to *Landis* "a saw-mill and a sufficiency of water for the purpose of sawing at all times, for the term of one year from that date." *Stowman* was to keep the mill-dam and fore-bays in good order, and if, for any space of time, the water should become insufficient, or be drawn off for the purpose of repairing the dam, during such time the rent was to stop. For the rent *Landis* stipulated to pay 320 dollars, in good merchantable lumber, at the market price, to be paid every three months during the year, if demanded, or at any time the same was due. It was shown that *Landis*, in pursuance of the agreement, went into possession of the premises, and used them for the term above stated; that in *July*, 1850, *Stowman* demanded the rent of *Landis*, and also on the 2d of *October* of that year, made another demand of rent; that the mill, in the summer and fall of 1850, ceased running at least forty days, on account of the insufficiency of the water, and also because the dam was in bad order.

It was proved that *Stowman*, on the 20th of *November*, 1850, procured a justice of the peace to issue a distress-warrant against *Landis*, claiming of him 145 dollars for the rent of the mill; that the warrant was placed in the hands of a constable, who, by virtue thereof, distrained certain property belonging to *Landis*, and sold it for 139 dollars; but the property sold was shown to be worth 190 dollars. The Court, upon the close of the evidence, charged the jury as follows:

1. "The rent, by force of the contract, would not become due until the 15th of *December*, 1850. It might be made to fall due quarterly, however, by the act of *Stowman*, if he has made a proper demand for each quarter. *Stowman* might make a demand for either quarter's rent he might designate, at any time before distraining. If *Stowman* made a general demand, without designating any partic-

STOWMAN
v.
LANDIS.

ular quarter's rent, the demand would be good for the quarter's rent due next preceding the demand."

2. " If the jury find that the water was drawn off during the continuance of the lease, for the purpose of repairing the dam, fore-bay or mill, the time the water was off would be a proper deduction from the rent, and would render the amount of rent uncertain, and, therefore, not distrainable, unless the quarter's rent during which there had been no such deduction, had become due and fixed by the demand."

3. " If *Stowman* had made any one quarter's rent due by demand, he could distrain for that quarter at any time afterwards. Otherwise he could not distrain, under this contract, until the 15th of *December*, 1850.

The first and third instructions are unobjectionable. The second, in our opinion, is erroneous. Whether the rent was or not distrainable, was an inquiry not properly involved in the case. This is shown by the statutory provision above quoted. If any rent was due when the justice issued the distress-warrant, though it may have been the subject of deduction, and on that account uncertain in point of amount, it was not competent for the jury to return a verdict for double the value of the goods distrained. The statute does not authorize a recovery for an irregular distress, but only for a distraint when no rent is really due. In the abstract, the instruction is correct. To authorize the collection of rent by a landlord's warrant, "the sum must be certain and be stipulated by contract." Still rent may be due, though in amount uncertain. It follows that the jury, in this form of action, had no authority to render a verdict for double the value of the property taken, if rent was actually due, whether the demand for it was certain or uncertain.

We are of opinion that the second instruction should have been withheld, because it was irrelevant, and may have induced the jury to predicate their verdict upon the result of an inquiry unconnected with the real merits of the controversy.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*I. Hartman* and *J. Bush*, for the plaintiff.